## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO.   H-4:19-cr-00783** |
| | § | |
| **KENENTY KIM, a/k/a MYUNG KIM,** | § | |
| | § | |
| **Defendant.** | § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney  for the Southern District of Texas, and Adam Laurence Goldman, Assistant United States Attorney, and the defendant, Kenenty Kim, a/k/a Myung Kim ("Defendant"), and Defendant's counsel, pursuant to Rule **11(c)(1)(B)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.   Defendant agrees to plead guilty to Count 1 of the Information.  Count 1 charges Defendant with Conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h).  Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the information, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2.   The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1956(h), is imprisonment of not more than 20 years and a fine of not more

than $500,000.00 or twice the value of the property involved in the transactions, whichever is greater.    Additionally, Defendant may receive a term of supervised release after imprisonment of **up to 3** years.   *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2).    Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to 2 years, without credit for time already served on the term of supervised release prior to such violation.   *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3).    Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3.   Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4.   Defendant recognizes that pleading guilty may have consequences with respect to his immigration status.    Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship,

2

and denied admission to the United States in the future.   Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States.   Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

### Cooperation

5.   The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines.   Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas.   Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, not oppose the forfeiture of assets contemplated in paragraphs 17-27 of this agreement.   Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6.   Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to

Defendant, including but not limited to wire fraud and money laundering.  Defendant understands that such information includes both state and federal offenses arising therefrom.   In that regard:

(a)      Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b)      Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States.  Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)      Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)      Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e)      Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation; and

(f)      Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

## Waiver of Appeal and Collateral Review

7.  Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section

2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.   Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.   Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court.   The United States does not make any promise or representation concerning what sentence the defendant will receive.   Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.   *See United States v. Booker*, 543 U.S. 220 (2005).   Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

5

9.   Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

10.   The United States agrees to each of the following:

(a)      If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

(b)      In applying United States Sentencing Guideline Subsection 2B1.1(b)(1), if the difference between the actual loss and intended loss is two offense levels or less, the United States will recommend that actual loss amount shall be applied.   In applying United States Sentencing Guideline Subsection 2B1.1(b)(1), if the difference between the actual loss and intended loss is greater than two offense levels or less, the United States will still recommend that the intended loss amount be reduced by two offense levels and Defendant does not waive his right to argue at sentencing that the actual loss as opposed to the intended loss is nevertheless the proper amount to be considered in applying U.S.S.G. § 2B1.1(b)(1).   In addition, in applying United States Sentencing Guideline Subsection 2B1.1(b)(1), the United States agrees that any loss amount will not include a claim made by Sang Kim that there was any loss or wire transfer involving Defendant of approximately 90 million dollars into Bank of America account ending in 9692, as there is insufficient evidence to support that claim by Sang Kim.

## Agreement Binding –
## Southern District of Texas and Western District of Washington Only

11.   The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas and

Western District of Washington for offenses arising from conduct charged in the information.   This plea agreement binds only the United States Attorney's Offices for the Southern District of Texas and Western District of Washington and Defendant.   It does not bind any other United States Attorney's Office.   The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

12.   The United States reserves the right to carry out its responsibilities under guidelines sentencing.   Specifically, the United States reserves the right:

(a)    to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)    to set forth or dispute sentencing factors or facts material to sentencing;

(c)    to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)    to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)    to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

13.   Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as

7

well as the provisions of Title 18, United States Code, section 3553(a).   Defendant

nonetheless acknowledges and agrees that the Court has authority to impose any sentence

up to and including the statutory maximum set for the offense(s) to which Defendant pleads

guilty, and that the sentence to be imposed is within the sole discretion of the sentencing

judge after the Court has consulted the applicable Sentencing Guidelines.   Defendant

understands and agrees that the parties' positions regarding the application of the

Sentencing Guidelines do not bind the Court and that the sentence imposed is within the

discretion of the sentencing judge.   If the Court should impose any sentence up to the

maximum established by statute, or should the Court order any or all of the sentences

imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty

plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

14.   Defendant understands that by entering into this agreement, he surrenders

certain rights as provided in this plea agreement.   Defendant understands that the rights of

a defendant include the following:

(a)     If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant.   Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.   In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.   If the witnesses

for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)      At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.  However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

15.   Defendant is pleading guilty because he is in fact guilty of the charges contained in Count 1 of the information.   If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt.   The following facts, among others would be offered to establish Defendant's guilt:

### I.      Overview

A business email compromise (BEC) is a scheme to defraud businesses.   It involves the use of "spoof" email addresses, which are email addresses with confusingly similar domain names to "hacked" email accounts, to create fictitious transactions, or to "hijack" legitimate transactions, in an effort to convince a victim company or individual to send funds to an account that is actually controlled by those who created the BEC.

### II.      The Solid Bridge/Chance Scheme

Solid Bridge Constructions, LLC ("Solid Bridge") is a general contracting company located in Huntsville, Texas, which is within the Southern District of Texas.   Chance Contracting, LLC ("Chance") is a subcontracting company located in Pinehurst, Texas, which is within the Southern District of Texas.   Chance has been a subcontractor of Solid Bridge in the past for construction work in which Solid Bridge would pay Chance for the

9

services Chance performed.

In 2018, Solid Bridge received emails that appeared to come from Brett Chance, the owner of Chance. However, these emails were sent from an email address with a confusingly similar domain name/address to that of Chance. The emails claimed that Chance was having "issues" receiving check payments from Solid Bridge and the emails asked Solid Bridge to mail a check to Chance at 6602 63rd Street West, University Place, Washington, 98467. Solid Bridge complied and on June 25, 2018, it sent a check to Chance at that address for $210,312.00. Solid Bridge believed this payment was pursuant to a legitimate invoice from Chance. Chance never received the money.

Instead, on June 29, 2018, the aforementioned check was deposited into an account ending in "0332" that was controlled by Defendant at the Columbia Bank, 84th and Pacific in Tacoma, Washington. Defendant had opened this account in March, 2018 under the name "Kenenty H. Kim, d/b/a/ Reg Construction Solution." In opening this account, Defendant listed his email address as KenKimWA@gmail.com. Defendant also listed his street address for the account as 6602 63rd Street West, University Place, Washington 98467, which is the same address to which Solid Bridge sent the aforementioned check. Immediately before depositing the check on June 29, 2018, however, Defendant added a "d/b/a" ("doing business as") of "Chance Contracting" to the bank account. Attached to the request to add that "d/b/a" was a Business License Application from the State of Washington Department of Revenue indicating that Defendant was the owner of Chance Contracting at the aforementioned address. This application was obtained on that same

10

date (June 29, 2018) because Defendant modified his already existing business license application for Reg Construction Solution by adding Chance Construction as a trade name to that business license.

After depositing this check, Defendant withdrew $4,500.00 from this account in an over the counter transaction on July 2, 2018, and withdrew another $10,000 from this account in an over the counter transaction on July 11, 2018.   Defendant also had several other withdrawals from this account via debit card transactions.   Then, on July 11, 2018, Defendant wired $190,000.00 from this account to a UniBank account ending in "9678." Defendant opened this UniBank account on December 15, 2017 and used the address of 6602 63rd Street West, University Place, Washington 98467 in so doing.   The day after this money was wired to the abovementioned UniBank account, Defendant wired $60,000.00, and later another $40,000.00, from the UniBank account to Siyabonga Dlamini, who had an address in South Africa.

### III.    The Electrolux Scheme

On January 8, 2019, Electrolux Major Appliances North America ("Electrolux") wired $333,208.85 to a KeyBank account ending in "1294" that it believed, based on email communications, was going to one of its (Electrolux) vendors.   The abovementioned KeyBank account was opened by an unindicted co-conspirator on December 28, 2017 with Defendant's knowledge and which Defendant utilized.

On January 9, 2019, Defendant and that unindicted co-conspirator visited a KeyBank branch and obtained a $220,000.00 cashier's check from that account (1294).

The cashier's check was made out to Myung Kim, which is a name Defendant has previously used.   Withdrawn at the same time from the same account was $10,000 in cash, and as established by security camera footage, Defendant and the unindicted co-conspirator were standing next to each other at the bank teller counter with one or both of them making the cash withdrawal.

Defendant deposited the abovementioned $220,000.00 cashier's check into his Wells Fargo bank account ending in "18884," which he opened using his alias of Myung H. Kim.

Meanwhile, on January 10, 2019, the unindicted co-conspirator wired $50,000.00 from the KeyBank account 1294 to Siyabonga Dlamini, who had an address in South Africa.

On January 16, 2019, Defendant registered "Kugu Palpal Invest Develop LLC" with the State of Washington Secretary of State, Corporations and Charities Division, and, in so doing, used the name Myung Kim and the email account KenKimWA@gmail.com.   Then, on January 18, 2019, Defendant opened a KeyBank account ending in "7661" in the name of Kugu Palpal Invest Develop.

On the same day (January 18, 2019), Defendant made withdrawals of $170,000.00, $38,000.00, and $6,000.00 from his abovementioned Wells Fargo bank account ending in "18884."   Then, on January 22, 2019, Defendant deposited $170,000.00 into his newly created KeyBank account ending in "7661."   On January 23, 2019, Defendant opened a bank account in the name of Kugu Palpal Invest Develop LLC with Bank of America

ending in "6638."   That same day, Defendant withdrew $172,700.00 from his KeyBank account ending in "7661" and deposited it into his new Bank of America account ending in "6638."   Then, on January 30, 2019, Defendant wired $160,000.00 from his Bank of America account ending in "6638" to Siyabonga Dlamini, who had an address in South Africa.

## Breach of Plea Agreement

16.   If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand.   If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.   Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution, Forfeiture, and Fines – Generally

17.   This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest.   Defendant agrees not to dispose of any assets or take any action that would effect

13

a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

18.    Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement.  Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information.   Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

20.    Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

14

**Restitution**

21.   Defendant agrees to pay full restitution to the victims regardless of the count of conviction.   Defendant stipulates and agrees that as a result of his criminal conduct, the victims incurred a monetary loss of *at least* $745,540.70.   Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victims.   Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

**Forfeiture**

22.   Defendant stipulates and agrees that the property listed in the Information's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.   In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture:

23.   Defendant stipulates and agrees that Defendant obtained *at least* $745,540.70 from the criminal offenses and that the factual basis for his guilty plea supports the forfeiture of *at least* $745,540.70.   Defendant agrees to forfeit any of Defendant's property in substitution, up to a total forfeiture of *at least* $745,540.70.   Defendant agrees to the imposition of a personal money judgment in that amount.

24. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

25. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

26. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

## Fines

27. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

28. This written plea agreement, consisting of 19 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations

16

have been made by the United States except as set forth in writing in this plea agreement.

Defendant acknowledges that no threats have been made against him and that he is pleading

guilty freely and voluntarily because he is guilty.

29.   Any modification of this plea agreement must be in writing and signed by all

parties.

Filed at _____Houston_____, Texas, on _____June 2_____ , 20 20.

/s/ Kenenty Kim*_____
Kenenty Kim, a/k/a Myung Kim
Defendant   *Signed by Judge Hanks with
Defendant's permission

Subscribed and sworn to before me on _____June 2_____ , 20_20

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By:   _/s/ Susan Gram_____
Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
United States Attorney

By:   /s/ Adam Laurence Goldman*                   /s/ John Dennis Hester*
Adam Laurence Goldman          John Dennis Hester
Assistant United States Attorney     Attorney for Defendant
Southern District of Texas
Telephone:  713-567-9534
Facsimile:  713-718-3303
                                            *Signed by Judge Hanks with
                                            John Hester's permission
*Signed by Judge Hanks with
Adam Goldman's permission

17

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO.   H-4:19-cr-00783** |
| | § | |
| **KENENTY KIM, a/k/a MYUNG KIM,** | § | |
| | § | |
| **Defendant.** | § | |

**PLEA AGREEMENT -- ADDENDUM**

I have fully explained to Defendant his rights with respect to the pending information. I  have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction.  Further, I have carefully reviewed every part of this plea agreement with Defendant.  To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

| | |
|---|---|
| _/s/ John Dennis Hester*_ | June 2, 2020 |
| John Dennis Hester     *Signed by Judge | Date |
| Attorney for Defendant   Hanks with John Hester's permission | |

I have consulted with my attorney and fully understand all my rights with respect to the information pending against me.  My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's

18

Guidelines Manual which may apply in my case.   I have read and carefully reviewed every part of this plea agreement   with my attorney.   I understand this agreement and I voluntarily agree to its terms.

 /s/ Kenenty Kim*                                                      June 2, 2020
_____                    _____
Kenenty Kim, a/k/a Myung Kim                         Date
Defendant


*Signed by Judge Hanks with
Kenenty Kim's permission

19